OPINION of the Court, by
Judge Logax
_This was an action founded on a sheriff’s bond, assigning as the breach of its condition the voluntary escape of a debtor who had been taken into custody under a ca. sa. at the suit of the plaintiff; to which the defendants pleaded, the discharge of the debtor by order of the plaintiff’s attorney. Upon this plea issue was joined, and the jury found for the plaintiff.
Several errors have been assigned by the plaintiffs in error; but none of which we think material to notice, except one, which relates to the verdict of the jury in not finding expressly that the debtor did escape with the consent of the sheriff.
By the 4th section of the act concerning the escapes of debtors, (2 Litt. 34) it is declared, “that no judgment shall be entered against any sheriff, &c. upon any suit brought upon the escape of any debtor in his custody, unless the jury who shall try the. issue shall expressly find that such debtor or prisoner did escape with the consent, ike. of the sheriff or other officer.”
By the plea, the escape of the debtor with the consent of the sheriff is clearly admitted. It did not remain a point of contest, whether he had escaped under the permission of the sheriff; for this is admitted by the plea; and the only issue tendered, is, whet I ter the escape was produced by the order of the plaintiff’s attorney ? We apprehend there could be no difficulty in rendering judgment in such a case, upon the confession of the sheriff, without the intervention of a jqry. And if the plea ad *508 mits the necessary facts, and offers matter in avoidance, issue can only be taken thereon ; and proof to any other jnt W0l,id he irrelevant. That which is admitted by the pleadings need not be proved; and that which in legal estimation appears as if admitted on record, does not require proof, and need not be found by the jury. As then the jury have found the only point submitted to them upon the issue, that the discharge of the debtor was not by the order of the plaintiff’s attorney, the voluntary escape was thereby admitted, and the court might properly enter a judgment on the verdict.
This case is clearly distinguishable from, those cases in which the fact involved in the issue was, whether the escape was voluntary on the part of the officer.
The judgment must be affirmed with costs and damages,